RUFUS COMER FARMS, A Partnership *v.*
FIRST STATE BANK of Newport

CA 93-863 884 S.W.2d 265

Court of Appeals of Arkansas
Division II
Opinion delivered August 24, 1994
Designated for Publication September 14, 1994
[Rehearing denied September 14, 1994.]

*Fletcher C. Lewis*, for appellant.

*Thaxton, Hout & Howard*, by: *Stephen G. Howard*, for appellee.

JOHN MAUZY PITTMAN, Judge. On appeal, Rufus Comer Farms, a partnership comprised of Mrs. Dell Comer Rushing, Clyde Comer, and Elizabeth Comer, contends the chancellor erred in finding that its claim for rent was not protected by Ark. Code Ann. § 2-17-303 (1987) of the Public Grain Warehouse Law. We find no error and affirm.

The facts in this appeal are largely undisputed. For a number of years, L.L. Pegg leased two separate tracts from appellant known as Penn Farm and Home Farm. Home Farm was rented to Pegg on a crop-rent basis and is not involved in this appeal. Penn Farm however, was verbally leased to Pegg on a cash-rent basis for $14,000.00, which was due on December 31, 1990. Appellee, First State Bank of Newport, loaned Pegg $190,000.00 on Pegg's 1990 crop production and took a security interest in the crops produced on Home Farm and Penn Farm. Between August 1990 and January 1991, Pegg sold the grain produced on Penn Farm to Lawhon Farms Supply, Inc., a public grain warehouse, for a total of $16,304.00. In each sale, Lawhon made its checks in payment for the grain payable to L.L. Pegg and appellee, First State Bank. In December 1990, Pegg also sold grain produced on Penn Farm

to Morris Grainier, Inc., another public grain warehouse, for $4,102.00. Morris made its check payable to Pegg solely. It is undisputed that Pegg's sales to Lawhon and Morris warehouses were final sales for the full purchase price, the checks from Morris and Lawhon were honored, and the grain was not held for storage by these warehouses after payments were made in full. It was also undisputed that appellant never told Pegg to have appellant's name placed on the checks for the sale of his grain. After receiving payment, Pegg endorsed the checks to appellee, First State Bank, without having paid appellant any of the $14,000.00 in rent it was due. In May 1991, Pegg filed a petition for bankruptcy protection under Chapter 7. Appellant filed its proof of claim for the $14,000.00 rent it was due on Penn Farm; however, Pegg was later discharged without appellant's claim having been satisfied.

On December 31, 1991, appellant filed suit against appellee, seeking to obtain the $14,000.00 in rent appellant was owed from Pegg. In its suit, appellant relied on the Public Grain Warehouse Law, Ark. Code Ann. § 2-17-201 et seq., for its claim that it was an owner of the grain Pegg stored at Lawhon and Morris warehouses; that appellant did not transfer its title to the grain to these warehouses as required by § 2-17-303(a) and, therefore, any sales of the grain were void; that appellee received the proceeds from these void sales of the grain; and that, because appellee had knowledge of appellant's claim to these proceeds, it did not receive these proceeds as a buyer in the ordinary course of business. In the alternative, appellant also argued that it was entitled to $14,000.00 of the proceeds in appellee's possession because its statutory landlord's lien attached to the proceeds. See Ark. Code Ann. § 18-41-101 (1987). In response, appellee denied that appellant was protected by the Public Grain Warehouse Law and affirmatively argued that appellant was barred by the statute of limitations from asserting a landlord's lien.

A trial was held before the chancery court, at the conclusion of which the chancellor made detailed findings of fact and law that were incorporated into the judgment. After finding that appellant's landlord lien was barred by the statute of limitations and that appellant's claim for rent was not protected by § 2-17-303 of the Public Grain Warehouse Law, the chancellor dismissed appellant's claim. Although chancery cases are reviewed de novo on appeal, we will not reverse the chancellor's findings unless they

are clearly erroneous. *Summers* v. *Dietsch*, 41 Ark. App. 52, 849 S.W.2d 3 (1993).

On appeal, appellant claims the chancellor erred in holding that § 2-17-303 (1987) did not protect its claim for unpaid rent. This section provides:

> (a) Ownership of grain shall not change by reason of an owner delivering grain to a public grain warehouseman. No public grain warehouseman shall sell or encumber any grain in his possession unless the owner of the grain has by written document transferred title of the grain to the warehouseman.

> (b) Notwithstanding any provision of the Uniform Commercial Code, as amended, 4-1-101 et seq., to the contrary or any other law to the contrary, all sales and encumbrances of grain by public grain warehousemen are void and convey no title unless the sales and encumbrances are supported by a written document executed by the owner specifically conveying title to the grain to the public warehouseman.

Arkansas Code Annotated § 2-17-301(3) defines an "owner" under the Public Grain Warehouse Law as:

> [T]he farmer who grows and produces grain and includes the owner of the land from which the grain is produced to the extent that he has an interest in the grain, and includes persons, firms, and corporations engaged in the growing and producing of grain whether it be as tenant, renter, landowner, or otherwise.

Appellant concludes that, because it is an owner under § 2-17-301(3) and it did not by written document transfer its title to the grain to the warehouses as is required by § 2-17-303(a), the warehouses' purchases of Pegg's grain are void.

■■ Assuming without finding that Pegg stored the grain with the warehouses and therefore § 2-17-303 is applicable, appellant has still failed to show how this section provides it any remedy against appellee. Although appellant argues that, under § 2-17-303(b), the warehouses could not sell the grain without a written document from appellant transferring its title to the

grain, there is no evidence in this case that the warehouses sold or encumbered the grain. Furthermore, § 2-17-303 only allows an owner to void a sale made by a warehouseman. *See Farm Bureau Mutual Ins. Co.* v. *Wright*, 285 Ark. 228, 686 S.W.2d 778 (1985). While appellant may have come within the definition of "owner" as set forth in § 2-17-301(3) because of an interest in the grain under its statutory landlord's lien, this lien existed for only six months and had expired prior to this action being filed. *See* Ark. Code Ann. § 18-41-101 (1987).

Under the facts in the case at bar, appellant's only remedy against appellee was through his statutory landlord's lien. However, the chancellor found appellant was barred by the statute of limitations from asserting a landlord's lien, and appellant has not challenged that ruling on appeal.

Accordingly, we find no error in the chancellor's dismissal of appellant's claim and affirm.

Affirmed.

ROBBINS and MAYFIELD, JJ., agree.